# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

**LAGRANT GREER,**

    Movant,

v.                                             Case No. 5:18-cv-00387
                                               Case No. 5:14-cr-00202-01

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant's Motion filed pursuant to 28 U.S.C. § 2255. On April 2, 2018, the United States moved the Court for an Order Directing Movant to File a Privilege Waiver and an Order Directing Movant's Former Counsel to Provide Information to the United States Concerning Movant's Claim of Ineffective Assistance of Counsel. (ECF No. 53). The Court denied the Motion at that time so that the preliminary issue of timeliness could be resolved. (ECF No. 54). However, Movant now asserts that he is entitled to equitable tolling of the one-year limitations period contained in the AEDPA, because his trial counsel essentially abandoned him on appeal. Therefore, for the reasons stated below, the Court **FINDS** and **ORDERS** as follows:

**I.**     **OPINION**

In his § 2255 motion, supporting memorandum, and traverse, (ECF Nos. 46, 47, 56), Movant alleges that he received ineffective assistance of counsel from his lawyer, G. Todd Houck. Movant claims that after he was sentenced as a career offender, he asked Attorney Houck to file an appeal challenging the application of the career offender

1

sentence enhancement. Movant claims that Attorney Houck agreed to file the appeal, but then failed to do so. Movant further alleges that he waited on Attorney Houck to contact him regarding the status of the appeal, and when Attorney Houck did not call or write, Movant and his family members made numerous unsuccessful attempts to contact Attorney Houck. Movant claims that he diligently pursued his right to challenge the career offender designation, but was, in effect, abandoned by his lawyer. Movant contends that Attorney Houck's ineffectiveness was more egregious than "garden variety" excusable neglect. Therefore, Movant's dilatory filing of his § 2255 motion should be permitted under the principle of equitable tolling. The motion, which was dated February 22, 2018, arrived in the Clerk's office nearly two years after the one-year AEDPA limitation period had expired.

When considering whether to order Movant's attorney to disclose confidential client communications, the Court takes into account the attorney's professional and ethical responsibilities, as well as the obligation of the Court to ensure a fair, orderly, and efficient judicial proceeding. Without a doubt, defense counsel has a basic duty under any jurisdiction's standards of professional conduct to protect Movant's attorney-client privilege. Rule 83.7 of the Local Rules of this District provides that:

> In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Both the Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia and the American Bar Association's ("ABA") Model Rules of Professional Conduct address the confidentiality of information shared between an attorney and his or

her client. *See* West Virginia Rules of Professional Conduct 1.6 and 1.9(b); Model Rules 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client.

Moreover, on July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding on the court, *see, e.g., Jones v. United States,* 2012 WL 484663 *2 (E.D. Mo. Feb. 14, 2012); *Employer's Reinsurance Corp. v. Clarendon Nat. Ins. Co.,* 213 F.R.D. 422, 430 (D. Kan. 2003), it provides a reasoned discussion of the competing interests that arise in the context of an ineffective assistance of counsel claim and their impact on the continued confidentiality of attorney-client communications. In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party. Simply put, the filing of an ineffective assistance of counsel claim does not operate as an unfettered waiver of all privileged communications.

Upon examining the provisions of West Virginia's Rule of Professional Conduct 1.6, the undersigned notes that Rule 1.6(b)(5) permits a lawyer to "reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary ... to respond to allegations in any proceeding concerning the lawyer's representation of a client." In the Comment that follows the Rule, the Supreme Court of Appeals instructs the lawyer to make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements minimizing the risk of disclosure. Similarly, Model Rule 1.6(b)(5) authorizes an attorney to reveal information regarding the representation of a client to the extent the lawyer reasonably believes necessary "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Furthermore, both West Virginia Rule 1.6(b)(6) and Model Rule 1.6(b)(6) explicitly state that the lawyer may disclose such information "to comply with other law or a court order." Ultimately, a lawyer must comply with orders of a court of competent jurisdiction, which require the lawyer to disclose information about the client. In view of these provisions, the Court finds that defense counsel in this case may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding his communications with Movant to the extent reasonably necessary to comply with an order of this Court, or to respond to the allegations of ineffective representation.

Having addressed the professional responsibilities of counsel, the Court turns to its authority and obligations. As previously noted, federal courts have long held that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."

*Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003).[1] Subsequent to the opinion in *Bittaker,* Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent of a waiver of the attorney-client privilege in a Federal proceeding. Rule 502(a)[2] provides in relevant part:

> When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Here, Movant intentionally waived in the § 2255 motion the attorney-client privilege that attached to some of his communications with counsel; for example, those communications pertaining to his claims of ineffective assistance of counsel. Accordingly, in regard to any such discussions, a subject matter waiver of the privilege attendant to those particular communications should be permitted in fairness to the United States.

Nonetheless, the Court retains authority to issue a protective order governing production of the privileged information, including the method by which the currently

---

[1] *See also United States v. Pinson,* 584 F.3d 972, 977-78 (10th Cir. 2009); *In re Lott,* 424 F.3d 446, 453-54 (6th Cir. 2005); *Johnson v. Alabama,* 256 F.3d 1156, 1178-79 (11th Cir. 2001); *Tasby v. United States,* 504 F.2d 332 (8th Cir. 1974); *Dunlap v. United States,* No. 4:09-cr-00854-RBH-1, 2011 WL 2693915, at *2 (D.S.C. Jul. 12, 2011); *Mitchell v. United States,* No. CV10-01683-JLR-JPD, 2011 WL 338800, at *2 (W.D. Wash Feb. 3, 2011).

[2] The Federal Rules of Evidence generally apply in a § 2255 proceeding, except to the extent that "[a] federal statute or a rule prescribed by the Supreme Court may provide for admitting or excluding evidence independently from" the Rules of Evidence. *See* FRE 1101(a), 1101(b), and 1101(e). The statutes and rules governing § 2255 actions do not address the assertion or waiver of the attorney-client privilege. *See also Castro v. United States*, 272 F. Supp. 3d 268, 275 (D. Mass. 2017) (holding that "[t]he rules of evidence apply to proceedings under § 2255" and referring to the Advisory Committee note to FRE 1101(d)(3)); *United States v. Scott*, 576 Fed.Appx. 409, 415 (5th Cir. 2014) (concluding that FRE 606(b) foreclosed movant's argument in § 2255 proceeding); *United States v. McIntire,* Case No. 3:09-cv-359, 2010 WL 374177 (S.D. Ohio Jan. 29, 2010); *Bowe v. United States,* Case no. CR404-308, 2009 WL 2899107 (S.D. Ga. May 20, 2009); *Rankins v. Page,* Case No. 99-1515, 2000 WL 535960 (7th Cir. May 1, 2000); *Ramirez v. United States,* Case No. 96 CIV 2090, 1997 WL 538817 (S.D.N.Y Aug. 29, 1997). Moreover, Fed. R. Evid. 1101(c) states that "[t]he rules on privilege apply to all stages of a case or proceeding."

undisclosed communications will be disclosed. *See* Rule 12, Rules Governing § 2255 Proceedings; FRCP 26(c); and FRE 502; *See also United States v. Nicholson,* 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules Governing Section 2255 Proceedings expressly authorizes the use of affidavits as part of the record. The undersigned finds that an affidavit and any supporting documents submitted by counsel should supply the basic information required by the Court and the parties to allow them to evaluate Movant's § 2255 motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege.

## II. **ORDER**

Therefore, for the forgoing reasons, the Court **ORDERS** Movant's prior counsel, G. Todd Houck, to file within **thirty (30) days** of the date of this Order an affidavit responding to Movant's claims regarding their communications about the filing of an appeal and about efforts made by Movant and his family to contact counsel in the years between the sentencing and the filing of the § 2255 motion. The affidavit shall include all of the information that is necessary, in counsel's view, to fully respond to the claims and shall include as attachments copies of any documents from his file specifically addressing the matters raised by Movant in his motion. To the extent that these documents address other aspects of counsel's representation of Movant, which are not pertinent to a resolution of the § 2255, the documents may be redacted. In preparing the affidavits and attachments, counsel should disclose only that information reasonably necessary to ensure the fairness of these proceedings.

In addition, the undersigned finds that specific court-imposed limitations on the use of the privileged information are necessary to protect Movant's future interests. As noted by the Fourth Circuit in *Nicholson,* 611 F.3d at 217, citing *Bittaker,* 331 F.3d at 722-

723 (9th Cir. 2003), a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a § 2255 proceeding is entirely justified, because otherwise Movant would be forced to make a difficult choice between "asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his ineffective assistance claim." Accordingly, the Court further **ORDERS** that the attorney-client privilege, which attaches to the communications between Movant and counsel, shall not be deemed as automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this § 2255 proceeding. The affidavit and documents supplied by counsel shall be limited to use in this proceeding, and Respondent is prohibited from otherwise using the privileged information disclosed by counsel without further order of a court of competent jurisdiction or a written waiver by Movant.

The Clerk is instructed to provide a copy of this Order to Movant and counsel of record. The Clerk is further directed to provide a copy of ECF Nos. 46, 47, 56 and a copy of this Order to Attorney G. Todd Houck.

**ENTERED:** September 6, 2018

Cheryl A. Eifert
United States Magistrate Judge