# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

LAGRANT GREER,

        Petitioner,

v.                                                   CIVIL ACTION NO. 5:18-cv-00387
                                                    (Criminal No. 5:14-cr-00202-01)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (Document 46) filed on March 5, 2018, and brought on the grounds that his counsel, G. Todd Houck, was ineffective for failing to file an appeal. By *Standing Order* (Document 48) entered on March 7, 2018, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On September 17, 2019, the Magistrate Judge submitted a *Proposed Findings and Recommendations* (PF&R) (Document 84), wherein it is recommended that this Court deny the Petitioner's § 2255 motion. Following an *Order* (Document 86) granting an extension of time, objections to the Magistrate Judge's PF&R were due by October 10, 2019, and Petitioner timely filed his *Objections to Report and Recommendations by the Magistrate Judge* (Document 87) on October 10, 2019.

**FACTUAL AND PROCEDURAL BACKGROUND**

Magistrate Judge Eifert's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion. The Court now incorporates by reference those facts and procedural history, but in order to provide context for the ruling herein, the Court provides the following summary.

On November 14, 2014, the Petitioner, Lagrant Greer, pled guilty to one count of knowingly and intentionally distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). At that hearing, the Court made the Petitioner aware that he would have fourteen (14) days to file an appeal after entry of judgment. On February 25, 2015, the Petitioner was sentenced to 151 months in prison with a three-year term of supervised release. At the sentencing hearing, the Court reiterated that if Mr. Greer wanted to file an appeal, he had fourteen days to do so. Judgment was entered on February 26, 2015.

Mr. Greer did not file an appeal following the proceeding. On May 13, 2015, Mr. Greer requested a copy of the docket sheet for his criminal case, which was provided that same day. On August 21, 2015, Mr. Greer filed a Motion for a Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). That motion was denied by the Court on September 14, 2015.

The Petitioner filed the instant § 2255 motion on February 22, 2018, arguing that his attorney failed to file an appeal after being expressly asked to do so. The Petitioner states that he sought an appeal of his conviction on the ground that he was improperly designated as a career offender.[1] Specifically, Mr. Greer believes his prior New Jersey conviction for possession of

---

[1] Through the Plea Agreement, the Petitioner agreed to "knowingly and voluntarily" waive the right to appeal his conviction, except for a claim that his sentence exceeded the maximum sentence statutorily permitted. The Petitioner also acknowledged at the plea hearing and again at the sentencing hearing that if he did wish to file an appeal, he had to do so within fourteen days of imposition of the sentence.

heroin was not a qualifying predicate offense for purposes of the career offender designation. As such, he believes that, if appealed, the appellate court would have overturned his sentence.

The Petitioner filed a declaration asserting that he requested that his attorney file an appeal on the basis that he was not a career offender, and requested his attorney contact him as soon as it was filed. Mr. Greer further alleges that his attorney agreed to do so. Mr. Greer asserts that he "waited on counsel," and then attempted to call him but could not reach him. (Document 47 at 10.) After consulting with other inmates about the appeals process, Mr. Greer filed the instant § 2255 motion.

On April 25, 2018, the Respondent filed a response to the § 2255 motion, requesting that the motion be denied and the case dismissed because the § 2255 motion was untimely filed after the one-year deadline for § 2255 motions. The Petitioner filed a reply, arguing that he is entitled to equitable tolling in light of his attorney's agreement and subsequent failure to file the appeal.

The Magistrate Judge determined that a factual dispute existed regarding the Petitioner's request for an appeal. As such, the Magistrate Judge held an evidentiary hearing on April 10, 2019. At the hearing, the Petitioner testified that immediately after his sentencing hearing he requested that his attorney, Mr. Houck, file an appeal on the ground that he should not have been designated as a career offender. The Petitioner further testified that he saw Mr. Houck at the Southern Regional Jail in Beaver, West Virginia, a couple of days after the sentencing hearing and again requested an appeal. The Petitioner testified that he did not speak with Mr. Houck again after that interaction.

At the evidentiary hearing, Mr. Houck testified that he was clear with Mr. Greer from the beginning of his representation that Mr. Greer would likely be sentenced as a career offender. Mr.

Houck also testified that he informed Mr. Greer about the consequences of the appeal waiver in his plea agreement. Mr. Houck further testified that Mr. Greer never requested an appeal and that he did not talk to or hear from Mr. Greer again until he received notice of Mr. Greer's Motion to Reduce Sentence from the Court's electronic docket system.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Sixth Amendment contemplates the "right to select and be represented by one's preferred attorney. . ." *Wheat v. United States*, 486 U.S. 153, 159 (1988). "[T]he purpose of providing assistance of counsel is simply to ensure that criminal defendants receive a fair trial." *Id.* at 158−59 (internal quotations and citations omitted). The standard for a claim based on ineffective assistance of counsel is well settled. In *Strickland v. Washington*, the United States

Supreme Court held that to succeed on such a claim, one must establish that his counsel's performance "fell below an objective standard of reasonableness" and as a result of this shortcoming, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. 668, 669, 694 (1984). A claim for ineffective assistance of counsel is stated "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken . . ." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

The Petitioner has made two objections to the PF&R. For the following reasons, the Court finds that the PF&R should be adopted and the Petitioner's objections to the PF&R should be overruled.

   *A. Statute of Limitations*

The Petitioner objects to the Magistrate Judge's finding that the § 2255 motion is barred by the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The Petitioner concedes that the § 2255 motion was filed after the one-year deadline but argues that extraordinary circumstances exist which warrant tolling the statute of limitations. Specifically, the Petitioner objects on the basis that he was unable to consult with an attorney and his attorney stopped communicating with him regarding the appeal.

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). In the instant case, a § 2255 motion must be filed within one year of "the date on which the judgement of conviction becomes final." *Id.* § 2255(f)(1). The Petitioner's judgment of conviction was entered on February 26, 2015. Pursuant to Rule 4(b) of the Federal Rules of Civil

5

Procedure, the Petitioner had fourteen days to file an appeal. Fed. R. Civ. P. 4(b). The Petitioner, however, failed to file an appeal within that timeframe. As such, his conviction became final on March 12, 2015, when the time for appeal expired. The instant § 2255 motion was filed on February 22, 2018, nearly three years after the date on which the judgment of conviction became final, and is therefore barred by the applicable statute of limitations.

The statute of limitations may, however, be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To qualify for equitable tolling, a habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Petitioner objects to the Magistrate Judge's finding, that he is not entitled to equitable tolling, on the ground that inability to communicate with his lawyer, coupled with lack of appointed counsel, are extraordinary circumstances that warrant equitable tolling. However, these arguments fall short of satisfying the requirement of extraordinary circumstances as it relates to equitable tolling. To demonstrate extraordinary circumstances, a party's delay must be the result of external circumstances that were beyond the party's control. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). Moreover, where a petitioner's counsel fails to file an appeal after being instructed to do so, a petitioner is not entitled to equitable tolling unless the counsel's failure prevented the petitioner from timely filing the petition. *Van Horn v. Ballard*, No. 1:10-cv-80, 2010 WL 5872405, at *6 (N.D. W. Va. 2010).

The Magistrate Judge thoroughly discussed the facts establishing why extraordinary circumstances do not exist in this case, which the Court incorporates by reference. (PF&R at 16−20.) *Campbell v. United States*, No. Civ. CCB-13-670, 2013 WL 5945656, at *2 (D. Md. Nov. 5, 2013) (finding that movant was not entitled to equitable tolling where he proffered only "conclusory allegations that counsel abandoned him" and failed to show that "counsel hindered him from filing [a § 2255] motion as a *pro se* litigant").

Moreover, even if the Petitioner's claim did satisfy the "extraordinary circumstances" prong, the Petitioner has failed to satisfy the first prong of the equitable tolling inquiry by demonstrating that "he has been pursuing his rights diligently." *Holland*, 560 U.S. at 649; *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) (finding equitable tolling not warranted for petitioner who, though represented by inadequate counsel, did not file appeal timely on his own because "*pro se* petitioners are expected to comply with AEDPA's statute of limitations, [so] it would be unfair to expect less from petitioners who are represented by counsel"); *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) ("Even where the extraordinary circumstances on which the petitioner rests his claim involve attorney incompetence, the petitioner must still demonstrate that he himself made reasonably diligent attempts to ensure his petition was filed on time").

In this case, the Petitioner waited for almost three years after judgment was entered against him to pursue his appeal and file the instant § 2255 motion. *Van Horn*, No. 1:10-cv-80, at *6 (finding that a petitioner's delay of four months did not satisfy the diligence prong of the equitable tolling analysis). The Petitioner has also failed to allege any valid grounds for failing to follow up with the matter sooner, as thoroughly explained by the Magistrate Judge. (PF&R at 16−20.)[2] As

---

[2] The Court notes that it is also important that, based on the evidentiary hearing, the Magistrate Judge determined that the Petitioner's assertions regarding his request for an appeal were not credible. PF&R at 27−34.

7

such, the Court finds the Petitioner has failed to demonstrate that he was reasonably diligent in pursuing his rights.

Because the Petitioner has failed to show that extraordinary circumstances existed and that he pursued his rights diligently, the Petitioner has failed to demonstrate that he is entitled to equitable tolling. As a result, the Court finds the Petitioner's § 2255 Motion is barred by the one-year statute of limitations.

  *B. Merits of the Petitioner's Ineffective Assistance of Counsel Claim*

Next, the Petitioner objects to the Magistrate Judge's finding that, even if not barred by the statute of limitations, the Petitioner failed to demonstrate by a preponderance of the evidence that he is entitled to relief. Specifically, the Petitioner argues that he has met all of the elements necessary to demonstrate that his counsel was ineffective. Because the Court finds that the § 2255 motion is barred by the statutory period of limitations, it will not address this objection relating to the merits of the Petitioner's claim.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

**CONCLUSION**

Wherefore, after careful consideration, the Court does hereby **ORDER** that the Magistrate Judge's *Proposing Findings and Recommendations* (Document 84) be **ADOPTED**, the Petitioner's *Objections to Report and Recommendations by the Magistrate Judge* (Document 87) be **OVERRULED**, the Respondent's motion to dismiss, titled *Response of the United States to Lagrant Greer's Motion under 28 U.S.C. § 2255* (Document 55), be **GRANTED**, and the Petitioner's *Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (Document 46) be **DENIED, DISMISSED WITH PREJUDICE, AND STRICKEN** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, to counsel of record, and to any unrepresented party.

ENTER: November 1, 2019

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA